UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., DOES 1-100,<br><br>Defendants. | CASE NO. 7:17-cv-03589<br><br>ECF Case<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The Wave Studio, LLC ("Plaintiff"), by its attorneys, Cobalt LLP, for its complaint against Groupon, Inc. ("Defendant") and Does 1-100 alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff is the copyright owner of photographic works created at the direction of its managing member, Junior Lee. Ms. Lee is a Malaysian designer and photographer who creates distinctive marketing and promotional materials for prominent hotels and renowned travel organizations worldwide. This is an action for copyright infringement arising out of Defendant's unauthorized reproduction, display, distribution, publication, and utilization of a significant number of Plaintiff's photographs in connection with Defendant's promotion and sale of hotel and travel bookings on its website accessed across the United States. Ms. Lee has conducted her business through a number of companies, collectively referred to as the "Wave Entities."

2. Ms. Lee, through her Wave Entities, was hired to provide high-quality marketing materials and brand identities for various elite hotel properties and destination locales. As part of

1

these contracts, the Wave Entities provided photography services of the specific properties. The photographs from these shoots (the "Photographs") were then used to create marketing and promotional materials based on ongoing orders placed with the Wave Entities. To provide these photography services, the Wave Entities hired a cameraman, named Masano Kawana ("Kawana"), to capture the actual images under Ms. Lee's direction. Per the express terms of the applicable contractual documents, the Wave Entities retained ownership of all right, title, and interest in and to the underlying photos, as well as the exclusive right to license, distribute, and use the photographs for any and all other purposes. As between the Wave Entities and Kawana, their contracts also vested copyright ownership of the Photographs in the Wave Entities. Plaintiff is the assignee of the copyrights to the Photographs.

3. As set forth in more detail below, Defendant has committed blatant acts of copyright infringement by improperly using Plaintiff's photographs without authorization for its own financial gain, including but not limited to, using Plaintiff's Photographs on Defendant's website and in various photo galleries and promotional materials, all of which are generating traffic to and revenue for Defendant and its businesses. By virtue of this action, Plaintiff should be awarded the appropriate injunctive relief and monetary damages to remedy and redress Defendant's rampant, willful, and continued misuse of Plaintiff's copyrighted photographs.

## JURISDICTION AND VENUE

4. This Complaint alleges causes of action under the copyright laws of the United States, Title 17 of the United States Code.

5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims against Defendant arise under Title 17 of the United States Code.

6. This Court has personal jurisdiction over Defendant because Defendant has done and continues to do business in this District, including but not limited to entering into contracts with entities in this District and offering its services throughout this District.

7. Pursuant to 28 U.S.C. § 1391 and 1400(a), venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial District and because Defendant resides or is found within this District within the meaning of 28 U.S.C. Section 1400(a).

## THE PARTIES

8. Plaintiff, The Wave Studio, LLC, is a limited liability company organized under the laws of the State of New York, with its principal place of business at One Barker Avenue, #542, White Plains, New York 10601. Plaintiff is a business entity operated by Junior Lee, a Malaysian citizen currently domiciled in Singapore. Ms. Lee creates marketing materials for businesses worldwide using her original works, but retains ownership of all rights, title, and interest in and to all artistic works used therein. The Wave Studio, LLC was formed to hold, manage, and control the U.S. intellectual property rights to said works, including, but not limited to, several U.S. copyright registrations.

9. Upon information and belief, Defendant Groupon, Inc. is a Delaware corporation with its principal place of business at 600 West Chicago Avenue, Suite 400, Chicago, IL 60654.

10. Upon information and belief, Defendant, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for at least the domain name groupon.com. Upon information and belief, during all relevant time periods, Defendant and/or its related or affiliated companies regularly transacted or solicited business in this district through, *inter alia*, websites resolving to groupon.com.

11. The true names and capacities, whether individual, corporate, or otherwise, of Defendants Does 1 through 100 are presently unknown to Plaintiff, who, therefore, sues them by such fictitious names. Plaintiff expects, but is presently without information sufficient to confirm, that one or more of Defendants distributed Plaintiff's Photographs to third parties without Plaintiff's authorization and/or otherwise infringed upon Plaintiff's copyright rights to the works of art at issue in this case, infringing those copyright rights. At such time as Plaintiff ascertains the identity and nature of any such third parties, Plaintiff will seek leave of this Court to amend this Complaint accordingly. On information and belief, Plaintiff alleges that each of Does 1 through 100 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his, her, or its agency or representative capacity, and that each of Does 1 through 100 are liable to Plaintiff in connection with the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

**FACTUAL BACKGROUND**

12. Over her more than 20-year career, Junior Lee has established a widely successful business in travel and hotel marketing and photography worldwide. She has conducted photo-shoots of numerous storied properties, including The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), The Lalu Sun Moon Lake (Taiwan), Langsuan Apartment Bangkok (Thailand), Seah St. Apartment

(Singapore), GHM Boutique Products (Singapore), The Fullerton Hotel (Singapore), La Pari-Pari Hotel Langkawi (Malaysia), and Four Seasons Great Exuma (Bahamas).  Her photographs and marketing materials and services are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade.  Her photographs of The Setai Miami, The Chedi Muscat, The Nam Hai Hoi An, The Chedi Club Ubud, The Chedi Chiang Mai, The Chedi Phuket, The Leela Goa, The Carcosa Seri Negara Kuala Lumpur, The Club at The Legian Seminyak, The Andaman Langkawi, The Saujana Kuala Lumpur, The Lalu Sun Moon Lake, and The Datai Langkawi are at issue in this matter.  Collectively, these photographs are referred to herein as the "Photographs".

13. Ms. Lee's business is promotional in nature.  Between approximately 1995 and 2007, Ms. Lee had an exclusive working relationship with a high-end hotel management company located in Singapore called General Hotel Management ("GHM").  During this time, Ms. Lee, through her various Wave Entities, contracted with hotels and/or GHM to develop a brand identity and create high-end marketing materials and branded packaging for use at and by GHM-managed properties (collectively, the "Hotels").  As part of her services, she arranged photo-shoots of her clients' properties.  The resulting Photographs were used in various marketing materials ordered by the Hotels from time to time.  Ms. Lee was compensated for these marketing materials that incorporated the Photographs on a per order basis.  At no point did the Hotels or GHM purchase the copyrights to the underlying Photographs.  Instead, the purchase of the marketing materials designed and manufactured by Ms. Lee and the Wave Entities included a limited license to distribute the ordered marketing materials but no other rights.

14. The Wave Entities specifically reserved all rights to the Photographs, including the copyrights to them.

15. Ms. Lee, through the various Wave Entities, obtained copyright registrations from the United States Copyright Office for the Photographs (collectively and individually, "Copyrighted Works"). These copyright registrations are identified in the following chart:

| Registration Number | Title of Work |
| --- | --- |
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-S photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte, Ltd. Photographs 2005 (B) |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |
| VA 1-433-816 | Wave-s Photographs 2002 (C) |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |
| VA 1-824-376 | The Wave Design Pte. Ltd. – datai105 |
| VA 1-825-249 | The Wave Design Pte. Ltd. – detai104 |
| VA 1-825-264 | The Wave Design Pte Ltd. - andaman067 |
| VA 1-825-429 | Wave-s Photographs 2004 (D)-chediclub141 |
| VA 1-825-431 | Wave-s Photographs 2004 (C) – legian122 |
| VA 1-829-021 | The Wave Design Pte. Ltd. – andaman068 |

| Registration Number | Title of Work |
|---|---|
| VA 1-842-228 | The Wave Design Pte. Ltd. – bkk018 – bkk025 |
| VA 1-842-230 | Wave-s Photographs 2004 – chiangmai239 |
| VA 1-857-706 | Wave-S Photographs 2002 – lalu159 |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 – setai803 |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) setai804 – setai958; setai960 – setai179 |
| VAu 1-057-927 | The Wave Pte. Ltd. unpublished setai182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished setai0183; 0184 |
| VAu 1-060-182 | Wave-s unpublished setai959 |
| VAu 1-110-867 | The Wave Design Pte. Ltd. – Unpublished Photograph setai1180 |
| VAu 1-144-751 | The Wave Design Pte. Ltd. – Unpublished setai1181 |

16. On November 11, 2011, the authors of the Copyrighted Works, by and through Ms. Lee, assigned all right, title and interest in and to the Copyrighted Works to Plaintiff. A confirmatory assignment and memorandum of understanding signed by Kawana, which made clear that the copyrights to the Photographs were owned by Ms. Lee's Wave Entities and herself, was filed with the U.S. Copyright Office in or about May 2015. Additionally, a *nunc pro tunc* assignment to correct some initial errors in the 2011 assignments was filed with the Copyright Office, along with other corrections to the copyright registrations in or about September 2015.

/ / /

17. Plaintiff has never assigned, licensed, or otherwise transferred any interest in and to the Photographs or the Copyrighted Works to Defendant or otherwise dedicated them to the public.

18. Defendant did not seek, nor has it ever sought, Plaintiff, the Wave Entities', or Junior Lee's permission to utilize the Photographs or Copyrighted Works.

19. Despite having no permission, consent, or license to do so, Defendant has used and continues to use the Photographs in violation of Plaintiff's exclusive rights as a copyright owner, and has not compensated Plaintiff for such use.

20. Upon information and belief, the Photographs that are the subject of the Copyrighted Works have been seen and continue to be seen by thousands of users in the United States and worldwide on a daily basis.

21. Upon information and belief, Defendant has utilized the Photographs for purposes of trade, including promoting and advertising the bookings to the boutique and high-end hotels featured in those Copyrighted Works, thus realizing significant revenue, all without Plaintiff's authorization.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement**
**(17 U.S.C. § 101 *et seq*.)**

22. Plaintiff repeats and realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs.

23. Defendant has directly infringed Plaintiff's Photographs that are the subject of the Copyrighted Works by reproducing, displaying, and/or distributing unauthorized copies in violation of 17 U.S.C. § 501 *et seq*.

/ / /

24. Defendant copied Plaintiff's entire images for its own personal commercial gain. Moreover, Defendant's sole purpose in using the Photographs was to exploit the value of the Photographs to promote and market hotel properties and destination locations. Thus, there is no added benefit to the public from having Defendant display Plaintiff's Hotel Photographs.

25. Specifically, without authorization or consent, Defendant has reproduced, displayed, and/or distributed at least Plaintiff's Copyrighted Works of Registration Nos., VA 1-432-325, VA 1-432-326, VA 1-432-328, VA 1-432-329, VA 1-432-331, VA 1-432-332, and VA 1-825-429.

26. Defendant's infringement of Plaintiff's rights in and to each of the Photographs that are the subject of the Copyrighted Works constitutes a separate and distinct act of infringement.

27. Upon information and belief, Defendant knew or should have known that its acts constituted copyright infringement.

28. Defendant's conduct was willful within the meaning of the Copyright Act.

29. Plaintiff has been damaged by Defendant's conduct, including, but not limited to, economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from the Defendant's conduct.

30. Because of the willful nature of the Defendant's conduct, Plaintiff is entitled to, should it elect at trial, to an award of statutory damages for each instance of copyright infringement by Defendant, in lieu of recovery of exemplary damages, as well as attorneys' fees, and all associated costs. Plaintiff is also entitled to exemplary damages.

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant as follows:

1. That Defendant has infringed, directly or indirectly, Plaintiff's rights in the Copyrighted Works;

2. For entry of preliminary and permanent injunctions providing that Defendant and its officers, agents, servants, and those persons in active concert or participation shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works;

3. For entry of preliminary and permanent injunctions providing that Defendant shall immediately remove all copies of the Copyrighted Works from its websites and/or immediately seek a license from Plaintiff for their use;

4. For Plaintiff's damages and Defendant's profits in such amount as may be proved at trial; alternatively, at Plaintiff's election at trial should it so choose, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed either directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. 504(c);

5. For entry of judgment that Defendant shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505;

6. For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable and proper.

/ / /

/ / /

## JURY DEMAND

The Wave Studio, LLC respectfully requests a jury trial on all issues triable thereby.

DATED: May 12, 2017

Respectfully Submitted,

COBALT LLP

By: ___/s/ Nate A. Garhart_____
Nate A. Garhart
Attorney Bar No. 2815181
918 Parker Street, Suite A21
Berkeley, CA 94710
P. (510) 841.9800 / F. (510) 295.2401
nate@cobaltlaw.com

*Attorneys for Plaintiff*